IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES DOUGLAS LEWIS, JR.,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 15-303-WS-N |
| **HUEY "HOSS" MACK, et al.,** | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a Baldwin County Corrections Center inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g).

**I. POSTURE OF ACTION.**

Plaintiff's complaint (Doc. 1) is before the Court for screening pursuant 28 U.S.C. § 1915(e)(2)(B) as a result of plaintiff filing a motion to proceed without prepayment of fees. (Doc. 2). Plaintiff used the Court's § 1983 complaint form when he commenced this § 1983 action. (Doc. 1). In response to the complaint form's questions, plaintiff stated that he had not filed other lawsuits in state or federal court with the same or similar facts involved in this action, but he had filed other lawsuits relating to his

imprisonment.  (Id. at 3).  As directed by the complaint form, plaintiff listed one previous lawsuit that he filed, a habeas petition in this Court, Lewis v. Mack, CA 15-00273-CB-N (S.D. Ala. pending), filed on April 21, 2015.  (Id.).  Plaintiff then signed his complaint under penalty of perjury stating that the facts in his complaint were true and correct.  (Id. at 7).

## II. ANALYSIS.

### A.  Legal Standards for Maliciousness Under § 1915(e)(2)(B)(i).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint form under penalty of perjury, as such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice."  Thompson v. Quinn, No. 3:11cv533/RV/EMT, 2012 WL 6761569, at *1 (N.D. Fla. 2012) (unpublished) (collecting cases), adopted, 2013 WL 45259 (N.D. Fla. 2013); see Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-17 (2007); Schmidt v. Navarro, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the dismissal without prejudice of action pursuant to § 1915(e)(B)(2)(i) as malicious as a sanction for the plaintiff's abuse of process when he failed to disclose under penalty of perjury two, prior federal actions on his complaint form);[1] Harris v. Warden, 498 F. App'x 962, 964

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

[2] The Court takes judicial notice of its records.  Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

[3] Warden Mack is known to the Court, based on cases on its docket, as the Sheriff of

(11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); Jackson v. Florida Dep't of Corrs., 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had no action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), cert. denied, 133 S.Ct. 2050 (2013); Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); Shelton v. Rohrs, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his arguments that he did not remember filing any civil actions and his records were inaccessible); Young v. Secretary Fla. Dep't of Corrs., 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished)

(affirming the sua sponte dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits despite his argument that he lacked access to the documents due to the "excess legal material" rule); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he had brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

Moreover, when a court dismisses an action as malicious without prejudice, it must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations having expired and preventing the plaintiff from re-filing the action. Stephenson v. Warden, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished); see Schmidt, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

**B. Application of Law to Facts.**

In the present complaint, plaintiff indicates that he previously filed *one* other lawsuit, in state or federal court, which relates to his imprisonment. (Doc. 1 at 3). However, an examination of PACER ("Public Access to Court Electronic Records")

4

reflects that, in reality, plaintiff filed *seven* cases.[2]  Included in this number are the prior cases of <u>James Douglas Lewis, Jr. v. Rowley</u>, CA 2:92-cv-02416-DEZ (W.D. Pa. 1993) (dismissed after defendants filed a motion to dismiss), and <u>James Douglas Lewis, Jr. v. Rowley</u>, CA 2:92-cv-02251-DEZ (W.D. Pa. 1993) (plaintiff voluntarily withdrew his complaint).  Presently, five of plaintiff's cases are on the Court's docket, with three civil rights cases having been filed after this action.  In addition, in a subsequent action in this Court, <u>Lewis v. Mack</u>, CA 15-389-KD-N (S.D. Ala. pending), he complains about his difficulties in litigating his state-court criminal case on the appellate level due to the jail's inadequate facilities.  However, he did not list any state-court cases when the complaint form directed that they be listed.  (Doc. 1 at 3).

In <u>Rivera</u>, *supra*, the Eleventh Circuit affirmed the district court's dismissal of the prisoner's action without prejudice as a sanction for "abus[ing] the judicial process" when he lied under penalty of perjury about the existence of a prior lawsuit, and the district court's treatment of the dismissal as a strike.  144 F.3d at 731.  In its affirmance, the Eleventh Circuit reasoned that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)."  <u>Id.</u>  In the subsequent case of <u>Pinson v. Grimes</u>, 391 F. App'x 797 (11th Cir.) (unpublished), <u>cert. denied</u>, 131 S.Ct. 517 (2010), the Eleventh Circuit, relying on <u>Rivera</u>, affirmed the district court's "finding an abuse of judicial process and issuing a strike" when the prisoner had only listed two prior cases despite having filed two other federal cases within the preceding month.  <u>Id.</u> at 799.

---

[2]  The Court takes judicial notice of its records.  <u>Nguyen v. United States</u>, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

Furthermore, when plaintiff filed the present action, he knowingly chose not to list his two prior Pennsylvania actions. Nonetheless, plaintiff proceeded to sign the present complaint under penalty of perjury. (Doc. 1 at 7). This type of behavior by a prisoner plaintiff is deemed by the courts to be an abuse of the judicial process so as to warrant the action's dismissal as malicious pursuant to § 1915(e)(2)(B)(i) and to it being counted as a strike for § 1915(g) purposes. Rivera, supra; Pinson, supra.

If this action were dismissed, plaintiff would be able to re-file. Plaintiff's incarceration at the jail began on November 25, 2013, and is continuing. (Doc. 1 at 6). Plaintiff complains about the jail's overcrowding in disciplinary housing, particularly from March 18, 2015 to April 19, 2015 (id. at 5), the refusal to give him copies of his requests, grievances, and legal mail receipts, particularly his requests of April 21, 2015 and May 27, 2015 (id. at 6), and Defendant Mack's lack of oversight. (Id. at 5). For relief, plaintiff requests that the jail's conditions be changed "to benefit all inmates" and the defendants (Warden Mack,[3] Major Jimmy Milton, and Captain Greg Thicklin)[4] be held "civilly liable for the plaintiff's unfair treatment." (Id. at 7). Plaintiff's complaints are of a continuing nature, and his specific complaints in which he provides actual dates from March, 2015 to May, 2015 are within the two-year statute of limitations period for filing an action on them. See Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.) (the statute of limitations for a § 1983 action filed in Alabama is two years from

---

[3] Warden Mack is known to the Court, based on cases on its docket, as the Sheriff of Baldwin County, Alabama. Nguyen, 556 F.3d at 1259 n.7; see Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997) (courts ordinarily take notice of political history), cert. denied, 522 U.S. 1049 (1998).

[4] Interestingly, the same persons are named as defendants in another action filed by plaintiff, Lewis v. Mack, CA 15-389-KD-N (S.D. Ala. pending), in which he complains about his difficulties in litigating his state-court criminal case due to the jail's inadequate facilities.

when the claim accrues), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). Inasmuch as plaintiff can re-file his action, if he elects, the Court finds that plaintiff's action is malicious and subject to dismissal without prejudice.

### III.  CONCLUSION.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 22nd day of January, 2016.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**
